# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
No. 19-314V
UNPUBLISHED

| | |
|---|---|
| RONDA BRUM SMITH,<br><br>                Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>                Respondent. | Chief Special Master Corcoran<br><br>Filed: July 6, 2022<br><br>Special Processing Unit (SPU);<br>Ruling on Entitlement; Concession;<br>Table Injury; Tetanus Diphtheria<br>acellular Pertussis (Tdap) Vaccine;<br>Shoulder Injury Related to Vaccine<br>Administration (SIRVA) |

*Jeffrey S. Pop, Jeffrey S. Pop & Associates, Beverly Hills, CA,* for Petitioner.

*Jennifer Leigh Reynaud, U.S. Department of Justice, Washington, DC,* for Respondent.

### **RULING ON ENTITLEMENT**[1]

On February 28, 2019, Ronda Smith filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleges that a tetanus diphtheria acellular pertussis vaccine she received on February 29, 2016, caused her to suffer the Table injury of "Shoulder Injury Related to Vaccine Administration" ("SIRVA"). Petition at 1, ECF No. 1; Amended Petition filed July 22, 2019, ECF No. 12. Petitioner further alleges that she suffered the residual effects of her injury for more than six months, and that there has been no prior civil action

---

[1] Because this unpublished Ruling contains a reasoned explanation for the action in this case, I am required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). **This means the Ruling will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755.  Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

as a result of her injury. ECF 12 at ¶¶ 26, 29. The case was assigned to the Special Processing Unit of the Office of Special Masters.

On April 26, 2022, I issued a Fact Ruling finding "the onset of Petitioner's SIRVA more likely than not occurred within 48 hours of vaccination" as set forth in the Vaccine Injury Table and Qualifications and Aids to Interpretation ("QAI") for a Table SIRVA. 42 C.F.R. § 100.3(a) I.C & II.C. (Tdap vaccination); 42 C.F.R. § 100.3(c)(10)(ii) (required onset for pain listed in the QAI). ECF No. 40 at 2. In reaction, on July 5, 2022, Respondent filed an Amended Rule 4(c) Report indicating that (while preserving his right to appeal my Fact Ruling) he agrees in light of the Ruling that Petitioner has established the elements of a SIRVA Table claim. Respondent's Amended Rule 4(c) Report at 2, ECF No. 44.

Specifically, Respondent stated as follows:

> In light of the Chief Special Master's Fact Ruling, and medical record evidence submitted in this case, DICP has concluded that petitioner suffered SIRVA as defined by the Vaccine Injury Table. Specifically, petitioner had no recent history of pain, inflammation, or dysfunction of her left shoulder; the onset of pain occurred within 48 hours after receipt of an intramuscular vaccination;[3] the pain was limited to the shoulder in which the vaccine was administered; and no other condition or abnormality, such as brachial neuritis, has been identified to explain petitioner's right shoulder pain. 42 C.F.R. §§ 100.3(a), (c)(10). In addition, petitioner suffered the residual effects of her condition for more than six months. 42 U.S.C. § 300aa-11(c)(1)(D)(i). Therefore, based on the record as it now stands and subject to his right to appeal the Fact Ruling, respondent does not dispute that petitioner has satisfied all legal prerequisites for compensation under the Act. 42 U.S.C. § 300aa-13.

*Id.* at 7-8.

**In view of Respondent's position and the evidence of record, I find that Petitioner is entitled to compensation. A Damages Order will issue.**

---

[3] Respondent notes: "This criterion is met pursuant to the Chief Special Master's April 26, 2022 Fact Ruling, and respondent does not waive his right to a potential appeal of this issue. In addition, nothing in this Rule 4(c) Report constitutes a waiver of any defenses that respondent may assert in the damages phase." Respondent's Report at 8 n. 2.

**IT IS SO ORDERED.**

**s/Brian H. Corcoran**
Brian H. Corcoran
Chief Special Master