# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
No. 19-314V
UNPUBLISHED

| | |
|---|---|
| RONDA BRUM SMITH,<br><br>                    Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>                    Respondent. | Chief Special Master Corcoran<br><br>Filed: January 27, 2023<br><br>Special Processing Unit (SPU);<br>Damages Decision Based on Proffer;<br>Tetanus Diphtheria acellular<br>Pertussis (Tdap) Vaccine; Shoulder<br>Injury Related to Vaccine<br>Administration (SIRVA) |

*Jeffrey S. Pop, Jeffrey S. Pop & Associates, Beverly Hills, CA*, for Petitioner.

*Jennifer Leigh Reynaud, U.S. Department of Justice, Washington, DC*, for Respondent.

### DECISION AWARDING DAMAGES[1]

On February 28, 2019, Ronda Smith filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleges that that a tetanus diphtheria acellular pertussis ("Tdap") vaccine she received on February 29, 2016 caused her to suffer the Table injury of Shoulder Injury Related to Vaccine Administration ("SIRVA"). Petition at 1. The case was assigned to the Special Processing Unit of the Office of Special Masters.

On July 6, 2022, a ruling on entitlement was issued, finding Petitioner entitled to compensation for SIRVA. On January 26, 2023, Respondent filed a proffer on award of compensation ("Proffer") indicating Petitioner should be awarded $45,000.00 in actual and projected pain and suffering, as well as past unreimbursable expenses in the amount

---

[1] Because this unpublished Decision contains a reasoned explanation for the action in this case, I am required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002.  44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

of $2,728.03. Proffer at 1-2. In the Proffer, Respondent represented that Petitioner agrees with the proffered award. *Id.* Based on the record as a whole, I find that Petitioner is entitled to an award as stated in the Proffer.

     Pursuant to the terms stated in the attached Proffer, **I award Petitioner a lump sum payment of $47,728.03 (representing $45,000.00 in actual and projected pain and suffering and $2,728.03 in past unreimbursable expenses) in the form of a check payable to Petitioner.** This amount represents compensation for all damages that would be available under Section 15(a).

     The Clerk of Court is directed to enter judgment in accordance with this decision.[3]

**IT IS SO ORDERED.**

**s/Brian H. Corcoran**
Brian H. Corcoran
Chief Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.

# IN THE UNITED STATES COURT OF FEDERAL CLAIMS
## OFFICE OF SPECIAL MASTERS

| | |
|---|---|
| RONDA BRUM SMITH,<br><br>         Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>         Respondent. | No. 19-314V<br>Chief Special Master Corcoran<br>ECF |

## PROFFER ON AWARD OF DAMAGES

On February 28, 2019, Ronda Brum Smith ("petitioner") filed a petition for compensation under the National Childhood Vaccine Injury Act of 1986 (the "Vaccine Act" or the "Act"), as amended, 42 U.S.C. §§ 300aa-1 to -34. Petitioner alleges that she received a tetanus-diphtheria-acellular pertussis ("Tdap") vaccination on February 29, 2016, and that she subsequently suffered a Shoulder Injury Related to Vaccine Administration ("SIRVA") (a Table injury). *See* Petition at 1.

On July 6, 2022, Chief Special Master Corcoran issued a Ruling on Entitlement, finding that petitioner was entitled to vaccine compensation for her SIRVA. *See* Ruling on Entitlement (ECF No. 45).

I.   **Items of Compensation**

   A.   **Pain and Suffering**

Respondent proffers that petitioner should be awarded $45,000.00 in actual and projected pain and suffering. This amount reflects that any award for projected pain and suffering has been reduced to net present value. *See* 42 U.S.C. § 300aa-15(a)(4). Petitioner agrees.

1

     **B.**    **Past Unreimbursable Expenses**

Evidence supplied by petitioner documents that she incurred past unreimbursable expenses related to her vaccine-related injury. Respondent proffers that petitioner should be awarded past unreimbursable expenses in the amount of $2,728.03. *See* 42 U.S.C. § 300aa-15(a)(1)(B). Petitioner agrees.

**II.**    <u>**Form of the Award**</u>

Petitioner is a competent adult. Evidence of guardianship is not required in this case. Respondent recommends that the compensation provided to petitioner should be made through a lump sum payment of **$47,728.03**, in the form of a check made payable to petitioner.[1] This lump sum payment represents all elements of compensation to which petitioner would be entitled under 42 U.S.C. § 300aa-15(a). Petitioner agrees.

                                                          Respectfully submitted,

                                                          BRIAN M. BOYNTON
                                                          Principal Deputy Assistant Attorney General

                                                          C. SALVATORE D'ALESSIO
                                                          Director
                                                          Torts Branch, Civil Division

                                                          HEATHER L. PEARLMAN
                                                         Deputy Director
                                                          Torts Branch, Civil Division

                                                          ALEXIS B. BABCOCK
                                                         Assistant Director
                                                          Torts Branch, Civil Division

---

[1] Should petitioner die prior to the entry of judgment, the parties reserve the right to move the Court for appropriate relief. In particular, respondent would oppose any award for future medical expenses, future lost earnings, and future pain and suffering.

|  |  |
|---|---|
| | s/Jennifer L. Reynaud |
| | JENNIFER L. REYNAUD |
| | Senior Trial Attorney |
| | Torts Branch, Civil Division |
| | U.S. Department of Justice |
| | P.O. Box 146 |
| | Benjamin Franklin Station |
| | Washington, D.C. 20044-0146 |
| | Tel: (202) 305-1586 |
| Date: January 26, 2023 | Jennifer.L.Reynaud@usdoj.gov |

3